J. L. Cocke & Co. et al. *v.* Lida V. Brewer.

Jurisdiction. *Publication. Non-resident. Notes held in another state. Situs.*
    Where notes are held and claimed by one in another state, our courts cannot, on publication, decree ownership of the same to another, although they are secured by trust-deed on land in this state and the maker resides here. Neither the person nor the *res* being in this state, its courts, without appearance of the defendant, cannot acquire jurisdiction in such case.

From the chancery court of Clay county.

Hon. Baxter McFarland, Chancellor.

Appellee, Lida V. Brewer, was the owner of a tract of land in Clay county, Mississippi. In March, 1887, she sold and conveyed it to A. A. Murphy, who paid a part of the consideration and gave her notes for the balance, due at different dates thereafter. By some arrangement, unknown to her, the notes were made payable jointly to herself and husband, A. C. Brewer. Afterwards the said A. C. Brewer delivered the notes to appellants, J. L. Cocke & Co., as collateral security for a debt of his own to them. This was without the knowledge or consent of Mrs. Brewer, who never transferred or indorsed the notes, nor in any way parted with her interest in the debt for the land. The notes were secured by a trust-deed on the land, given by the purchaser, Mrs. Murphy. J. H. L. Gerdine was made trustee in this deed.

J. L. Cocke & Co. and A. C. Brewer are citizens of the state of Tennessee, residing in Memphis. A. A. Murphy and J. H. L. Gerdine are citizens of Clay county, and appellee is a citizen of Marshall county in this state.

After maturity of the notes, appellee, Lida V. Brewer, filed the bill in this case in the chancery court of Clay county, joining as defendants the said A. A. Murphy and J. H. L. Gerdine, citizens of Clay county, J. L. Cocke & Co. and A. V. Brewer, citizens of Memphis, Tenn. The bill alleges that the said A. A. Murphy is ready and willing to pay the said notes, but that she has been informed by the said J. L. Cocke & Co. that they hold and own the same. The prayer of the bill is that the defendants be required to answer; that the said J. L. Cocke & Co. be restrained from collecting the notes; and that a lien be enforced upon the land in favor of complainant for the payment of the same.

An affidavit was made showing the non-residence of some of the defendants as above stated, and publication was made for them. They failed to appear, and a decree *pro confesso* was entered against them. After entry of final decree in favor of complainant, the defendants, J. L. Cocke & Co., prosecuted this appeal.

*Barry & Beckett*, for appellant.

The real merits of the controversy in this case was whether J. L. Cocke & Co. or appellee owned the notes. Cocke & Co. and the notes were both in another state, and it is difficult to see how the court could get jurisdiction over either. We submit that a decree attempting to fix the ownership of the notes in appellee is void for want of jurisdiction.

*Perkins & Percy*, on the same side.

There was no controversy between Mrs. Brewer and either of the defendants in this state. The whole controversy was between her and appellants as to the ownership of the notes. This being true, as J. L. Cocke & Co. resided in Memphis, Tenn., where they held the notes, and as there was no appearance by the defendants, it is manifest that the court below had no jurisdiction. The court cannot acquire jurisdiction in such cases by publication. It is an immaterial circumstance that the notes were secured by a lien on the land. The debt was in the hands of J. L. Cocke & Co. in another state. The security was but an incident of the debt. 16 Wall. 271; 87 Am. Dec. 759.

We refer the court to the following authorities in support of our position that the court below had no jurisdiction: 1 Pom. Eq. Jur. § 428; *Freeman* v. *Alderson*, 119 U. S. 185; *Pennoyer* v. *Neff*, 95 Ib. 723; *Cooper* v. *Reynolds*, 10 Wall. 308; *Cudabac* v. *Strong*, 67 Miss. 705.

*Beall & Pope* and *Brame & Alexander*, for appellee.

We submit that the court had jurisdiction. The defendant, Mrs. Murphy, who bought the land from complainant, and Gerdine, the trustee in the deed of trust, both necessary parties, resided in Clay county, and the land itself, on which the debt constitutes a lien, is situated there. It was therefore proper to bring the suit in that county. Code 1880, § 1847.

The notes did not constitute the debt, but merely the evidence of it, and they really did not constitute legitimate evidence as to this, because they were improperly made payable to complainant and her husband jointly. It is not true, as assumed by opposite counsel, that this is a mere controversy as to the ownership of the notes. The controversy goes back of the notes and relates to the consideration for the sale of the land. The notes being improperly made, did not in truth represent the contract; therefore it was necessary to join the maker, who was within the jurisdiction, in order to enforce the lien in favor of the proper party. The complainant is simply the vendor seeking to enforce her lien for the purchase money of the land.

We recognize the principle announced in *Pennoyer* v. *Neff*, 95 U. S. 723, that we could not obtain a decree *in personam* against a non-resident cited by publication, but that is not the question here. A totally different proposition is presented. A careful reading of the opinions in that case and in *Cooper* v. *Reynolds*, 10 Wall. 308, will show that these are authorities in support of the jurisdiction in this case and not against it.

CAMPBELL, C. J., delivered the opinion of the court.

The gravamen of the bill is that Cocke & Co., citizens of Tennessee, hold the notes which evidence the debt owed by Mrs.

Murphy for the land, and which she will not .pay without a sur-render of the notes, and which the complainant cannot produce because they are withheld from her by the non-residents mentioned, who refuse to give them up, without payment of some demand which the complainant is not willing to recognize. The real con-troversy is as to the right to the notes, and that is between the complainant and the non-resident holders of them. The adjudi-cation of that controversy in favor of the complainant is a condition precedent to a decree for payment to her by the debtor. While the end sought is to enforce payment of the notes out of the' lands, an essential to the attainment of that end is to award the owner-ship of the notes to the complainant.

*The. thing* in dispute was not in Mississippi, but in Tennessee. The debtor was here, and the land on which the notes are charged by a deed of trust is here, but the debt is where the creditor is, and that was Tennessee. *Klein* v. *French,* 57 Miss. 662 ; *Speed* v. *Kelly,* 59 Ib. 47.

In this condition of things the chancery court could not acquire jurisdiction of the non-resident defendants, by publication, so as to render a valid decree against them. Neither the person nor the *res* being in this state, its courts could acquire jurisdiction only by the appearance of a party. The decree rendered upon proof of publication, without the appearance of the parties, was without jurisdiction, and must be reversed.

*Reversed and remanded.*