ADVANCE LUMBER COMPANY *v.* LAUREL NATIONAL BANK.

1. ATTACHMENT IN CHANCERY.   *Code* 1892, § 486.   *Jurisdiction.*

   · The chancery court is without jurisdiction of an attachment
   against a non-resident debtor who has no lands in this. state
   and no effects in the hands of some resident and to whom
   no resident is indebted, although. he have personalty in this
   state, since Code 1892, § 486, gives such jurisdiction only against
   non-residents, absent and absconding debtors who have lands
   in this state or effects in the hands of a resident or to whom
   some resident is indebted.

2. CHANCERY PRACTICE.   *Writ of sequestration.*   *Code* 1892, §§ 512, 513.

   The personal property of a non-resident defendant can be seized
   under an attachment in chancery, to await final decree, only
   upon affidavit and bond required by Code of 1892, §§ 512, 513,
   regulating the writ of sequestration.     -  ·

FROM the chancery court of Jones county.

HON. JAMES L. MCCASKILL, Chancellor.

The Laurel National Bank, the appellee, was complainant,
and the lumber company, the appellant, was defendant in the
court below.   From a decree in favor of the complainant the
defendant appealed to the supreme court.

. The Laurel National Bank filed the bill in this case in the
chancery court of Jones county against the Advance Lumber
Company, alleging that the defendant was indebted to com-
plainant in the sum of $897.30.   The bill further alleges that
the Advance Lumber Company is a non-resident of the state,
and "has property in Jones county, consisting of lumber at
Sandersville, and a deed of trust on the Bostick Lumber Com-
pany, covering personalty and realty, which may be levied on,
and subjected to, the payment of complainant's debt."   The
prayer of the bill is that a writ of attachment in chancery be
issued; "that the lands and tenements and effects and
sufficient property to pay said indebtedness belonging to the

Advance Lumber Company, located in Jones county, said state, be attached and held to await the determination of the cause." The chancery clerk issued an attachment writ in the ordinary form, and placed it in the hands of the sheriff, who levied it on 110,000 feet of yellow pine lumber, the property of the Advance Lumber Company. No affidavit or bond was filed by complainant. The Advance Lumber Company filed a motion to quash the attachment writ and discharge the levy, assigning the following reasons: "Only personal property was levied on, and no bond was filed before the issuance of the writ of attachment. The levy is illegal and void. The officer had no authority to levy on personal property without bond first being given." This motion was overruled. Defendant then filed its demurrer to the bill, which was also overruled.

*Shannon & Street,* for appellant.

Can an attachment be issued by the chancery court, without bond first being given, against a non-resident, absent or absconding debtor, unless such debtor has lands and tenements in this state, or against any such debtor and persons in this state unless they have in their hands effects of, or are indebted to, such non-resident, absent or absconding debtor? In other words, can an attachment issue in chancery under Code 1892, without bond, for the seizure of personal property only?

The sections of the code of 1892 bearing upon attachments and writs of sequestration in the chancery court are secs. 486 to 491 and 511 to 517, inclusive.

The chancery court certainly has no jurisdiction in attachment suits, except that given by statute, and there is nothing in the section of the code just quoted giving it jurisdiction of attachments against personal property. On the contrary, the statute limits the jurisdiction to debtors who own lands and tenements within this state; or, if there are no lands and tenements, then other persons must be joined in the action with

the non-resident defendant, who have in their hands effects of, or are indebted to, such defendants.

The bill in this case not having any resident defendants joined with the non-resident defendant, as indebted to, or having effects belonging to, such non-resident defendant, it is perfectly plain that the latter part of Code 1892, § 486, does not apply; and so the only thing that can give the chancery court jurisdiction in this case is that the defendant must own lands and tenements in this state. This is not charged.

In chancery, if the process desired is to be levied upon lands and tenements or effects of the defendant in the hands of third persons, the proper writ is attachment, and no bond is required until after decree. Code 1892, § 491.

But if the process desired is to be levied upon personal property, the proper writ is one of sequestration. Code 1892, § 511.

And an affidavit has to be made before the writ of sequestration shall issue. Code 1892, § 512.

And also before the writ shall issue, the complainant shall enter into bond in double the value of the property to be seized. Code 1892, § 513.

Before an attachment can issue at all from the chancery court, the defendant must be a non-resident owning lands and tenements in this state, or there must be persons in this state having effects of, or indebted to, such defendant. This is not only the plain meaning of the statute, but is practically settled by the supreme court in the case of *Dollman* v. *Moore,* 70 Miss., 271.

*R. E. Halsell,* for appellee.

The bill in this case is framed under Code 1892, § 487, and prays for an attachment writ in chancery to bind a lot of lumber—that is, effects of the non-resident, the Advance Lumber Company, in Jones county, Mississippi, said effects consisting of a lot of lumber, said lumber being, as the bill alleges, not in

the hands of persons resident in this state—to the payment of its (complainant's) indebtedness, and the sheriff levied on nothing but the said lumber, the property solely of the non-resident defendant.

Under this state of facts, and this being an attachment in chancery, no bond was necessary. Cyc. Law & Proc., vol. 4, p. 528, par. "b," and the decisions thereunder; Encyc. Pl. & Pr., p. 29, note "Non-residents," and cases there cited. And in *Baird* v. *Ga. Pac. R. Co.,* 12 South. Rep., 547, no bond is required as a condition precedent to the issuance of an attachment in a case of a non-resident party having property in the state either in the terms and provisions of the statute authorizing attachments in such cases or in the decisions of this court in construing them.

WHITFIELD, C. J., delivered the opinion of the court.

The remedy sought to be pursued here was an attachment in chancery, yet only personal property was levied upon, and no bond was given, as provided by Code 1892, § 513, nor affidavit made, as provided by Code 1892, § 512. An attachment cannot be issued by the chancery court except in accordance with sec. 486, *et seq.* It must conform to the provisions of the law as announced in sec. 486; it must show that the non-resident "has lands and tenements within this state, or it must go against any such debtor and persons in this state as have in their hands effects of, or are indebted to, such non-resident, absent or absconding debtor." The allegations of this bill and of the writ are not at all in accordance with these provisions. All that was levied on was personal property, and the remedy which should have been pursued was to issue a writ of sequestration, making the affidavit and giving the bond as required by Code 1892, § 513. The bill does not show that the non-resident debtor had any lands in this state, nor does it join in the attachment against such non-resident defendant "any persons who had in their hands effects," etc. There would be small

need, if this proceeding could stand, to sue out an attachment at law, since, on the view of this appellee, an attachment in chancery of personalty may be issued without bond. The whole proceeding is misconceived. The attachment was wrongfully issued and levied, and the court had no jurisdiction. The motion to quash the writ and vacate the levy should have been sustained, and the demurrer should have been sustained.

*Reversed, demurrer sustained, and decree here dismissing the bill.*