DELTA INS. & REALTY CO. *v.* INTERSTATE FIRE INS. CO.

[74 South. 420, Division A.]

1. JUDGMENT. *Judgment in rem. Jurisdiction. Statute.*

Under Code 1906, section 536, so providing, if defendant is a nonresident, and the thing involved, the *"res,"* is within the territorial jurisdiction of the court, and is brought under the control of the court by legal process, viz, attachment against lands, or attachment and garnishment against any such debtor and resident persons (defendants) who have in their hands effects of, or are indebted to such nonresident debtor, then the state court has jurisdiction to render judgment, not against the nonresident in person but against the thing, the *"res"* when it is brought under the control of the court by its process and not otherwise.

2. JUDGMENTS. *Judgment in rem. Jurisdiction.*

Where plaintiff was the agent of defendant and had a large sum of money of defendants, a foreign corporation, in its hands, it could not in a suit against such corporation upon publication of notice subject such funds in its own hands to the payment of debts of such foreign corporation to it since plaintiff in such case would be suing itself.

3. SAME.

In such case no process could be issued and executed to bring the *"res"* under control of the court, and the thing, the *"res"* not being under the control of the court, the court would have no jurisdiction.

APPEAL from the chancery court of Leflore county.

HON. JOE MAY, Chancellor.

Suit by the Delta Insurance & Realty Company against the Interstate Fire Insurance Company. From a decree for defendant, plaintiff appeals.

Appellant, a domestic corporation with domicile at Greenwood, Miss., began this suit in the chancery court, in which it seeks to hold certain funds which came properly into its hands and which belonged to the defendant, an Alabama corporation, for the payment of damages alleged to be due to defendant by the plaintiff

for breach of a contract.  The appellant represented appellee generally in the states of Mississippi and Tennessee, its duties being to supervise and check up the agents of the appellee and remit the funds collected to appellee at stated periods.  Appellant charges that appellee without cause canceled its agency contract, which had not expired, and damaged him in the sum approximating twenty-eight thousand dollars.  At the time this suit was filed, appellant had in its hands nearly ten thousand dollars of funds of the appellee which it declined to remit to the appellee, claiming damages for the breach of the contract as aforesaid.  The proceeding is *in rem* against the fund alone, and there was formal constructive service by publication and the mailing of summons to the nonresident defendant, who had no other assets in Mississippi.  No personal service was obtained on the appellee, nor was an attachment run against the funds.  The prayer of the bill was that the funds in the hands of the complainant (appellant) belonging to the defendant company be condemned and applied to the payment *pro tanto* of the liability for damages of the defendant to the complainant, and that a personal decree be rendered in favor of the complainant against the defendant for the balance.  The chancellor upon the hearing dismissed the bill of complaint, and from this decree complainant appeals.

*Gwin & Mounger,* for appellant.

*Percy & Percy,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The settled law in Mississippi is that, if the defendant is a nonresident, and the thing involved, the *res,* is within the territorial jurisdiction of the court and is brought under the control of the court by legal process, viz.: attachment against the lands, or attachment and garnishment against any such debtor and resident per-

sons (defendants) who have in their hands effects of, or are indebted to, such nonresident debtor, then the state court has jurisdiction to render judgment, not against the nonresident *in personam,* but against the thing, the *res,* when it its brought under the control of the court by its process, and not otherwise.

The basis of the jurisdiction of the chancery court in this case is statutory; and the court has no jurisdiction under the statute unless the following facts exist, viz., the absence of the debtor, the presence here of effects in the hands of resident persons belonging to him, or debts due to him by resident persons, or his having lands or tenements in this state. Section 536, Code of 1906; *Advance Lumber Co.* v. *Laurel National Bank,* 86 Miss. 419, 38 So. 313. The above facts, or any one of them, might exist, and still the court would be without jurisdiction to proceed to judgment against the thing unless it be first brought under the control of the court by proper process, against the land, or against the person having the effects belonging to, or owing the debt to, the nonresident defendant.

When the law is applied, as stated above, in the case before us, we find no difficulty in deciding that the decree of the chancellor in dismissing complainant's bill was eminently correct. *Pennoyer* v. *Neff,* 95 U. S. 714, 24 L. Ed. 565; *Cooper* v. *Reynolds,* 10 Wall. 308, 19 L. Ed. 931.

The suit of complainant (appellant) amounts to an effort to sue itself. It finally abandoned its attachment proceedings, as prescribed by the statute, and now relies upon the doctrine of equitable offset, and seeks to have the court allow it to complain against the absent debtor, and, at the same time, bring itself into court as the resident defendant "owing the debt" to the absent debtor. No writ of garnishment is here involved, and the money was not paid into court; but, in effect, complainant attempts to take the part of the garnishee and answer an indebtedness due under its own writ; and in the

same bill which seeks, in effect, to obtain a personal decree in damages for breach of contract, it prays that the indebtedness due by it be offset by the personal decree for damages, when obtained.

The contention of appellant that, because the debt of nine thousand, nine hundred and seventy-three dollars due by it to the nonresident defendant is within the territorial jurisdiction of the court, the court was authorized to proceed *in rem,* is not sustained by the best authority, and we thinks is unsound.

The thing, the *res,* must first be brought under the control of the court by proper process; then the judgment can only go against the thing under the control of the court. In the case here no process is shown to have been issued and executed, and could not have been, to bring "the *res*" under control of the court, and the thing, the *res,* is not under the control of the court, and therefore the court has no jurisdiction. If the rule were otherwise, fraud against absent debtors could be easier consummated in cases like the one here.

The decree of the lower court is affirmed.

*Affirmed.*