DELTA INS. & REALTY AGENCY *v.* FOURTH NAT. BANK OF
MONTGOMERY, ALA.[*]

(Division A. Feb. 16, 1925. Suggestion of error overruled Mar. 30, 1925.)

[102 So. 846. No. 24413.]

1. COURTS. *Chancery court cannot try claimant's issue against non-resident who does not voluntarily appear or who has not been personally served with process.*

   Section 536 of the Code of 1906 (section 293, Hemingway's Code) does not confer jurisdiction on the chancery court to try a claimant's issue against a nonresident claimant where said claimant does not voluntarily enter appearance in the court or has not been personally served with process.

2. JUDGMENT. *Chancery court cannot acquire jurisdiction to render decree pro confesso against nonresident claimant of subject-matter of suit.*

   Although the chancery court may have jurisdiction in an attachment proceeding by personal process upon the party owing money to complainant's nonresident debtor, and constructive process upon said nonresident debtor, yet that court cannot acquire jurisdiction by virtue of said section to render a decree *pro confesso* against a nonresident claimant of the subject-matter of the suit.

---

[*]Headnotes 1. Courts, 15 C. J. Section 85; 2. Attachment, 6 C. J. Section 831.

APPEAL from chancery court of Leflore county.
HON. C. L. LOMAX, Chancellor.

Suit by the Fourth National Bank of Montgomery, Ala., against the Delta Insurance & Realty Agency. From judgment overruling defendant's demurrer, it appeals. Affirmed and remanded with leave to appellants to answer within thirty days.

*S. L. Gwin* and *C. B. Snow,* for appellants.

By the amended bill of complaint there is sought to be set aside and declared null and void a solemn decree of

the chancery court of Leflore county, Mississippi.   The entire proceeding in cause No. 3318 was made a part of the bill of complaint.

By section 357, Hemingway's Code, section 597, Code of 1906, it is provided that a complainant desiring to make new parties to his bill may file his amended bill for that purpose in the clerk's office in vacation without leave of the court; and thereupon the clerk shall issue process upon such bill in like manner as if it were an original bill.

By the proceedings in cause No. 3318, above referred to, it is shown that the original bill in said cause was filed in the chancery court of Leflore county, Mississippi on the 7th day of September, 1918, and later having become informed of the fact that other and new parties claimed a right to and an interest in the subject-matter sought to be subjected to the payment of the indebtedness described therein, filed their supplemental or amended bill for the purpose of making the said Fourth National Bank of Montgomery, Alabama, a party to said bill, and, thereupon, the clerk of the court issued process upon the said original bill and upon the said supplemental or amended bill as will be hereinafter shown, and it is upon this process that the decree *pro confesso* and the final decree sought to be declared null and void, the defendants therein the Fourth National Bank of Montgomery, Alabama, and the Alabama Fidelity Mortgage & Bond Company, having wholly failed to appear, was rendered.

The original and supplemental or amended bill of complaint was in the nature of an attachment suit based upon demands, founded upon an indebtedness of the Alabama Fidelity Mortgage & Bond Company, a non-resident of the state of Mississippi, by which it was sought to subject an indebtedness of the Delta Insurance & Realty Agency and Shelby S. Steele, resident defendants, to the said non-resident defendant, or to the Fourth National Bank of Montgomery, Alabama, also, a non-

resident, to the payment thereof. This proceeding was had under the provisions of sections 293, 294 and 297, Hemingway's Code, sections 536, 537, and 540, Code of 1906, and we submit was in strict and in entire conformity with the provisions thereof.

Section 293, Hemingway's Code, section 536, Code of 1906, provides that the chancery court shall have jurisdiction of attachment suits based upon demands, founded upon any indebtedness . . . against any non-resident, absent or absconding debtor who has lands or tenements in this state, or against any such debtor or persons in this state who have in their hands effects of or are indebted to such non-resident, absent or absconding debtor. Section 297, Hemingway's Code, section 540, Code of 1906, provides that such non-resident, absent or absconding debtor shall be made a party to such suit by publication of summons as in other cases.

Section 2927, Hemingway's Code, section 3920, Code of 1906, provides that non-resident and unknown defendants may be summoned by publication and provides that if a defendant in any proceeding in the chancery court be shown by bill or petition sworn to or by affidavit filed to be a non-resident of this state, and post office of said defendant be stated in the bill, the clerk, upon the filing of the bill, shall prepare and publish a summons to such party to appear and defend. This section goes further and gives the form of such publication and further provides that upon proof of publication of such summons for three weeks in some newspaper published in the county and of the mailing of a copy of the summons to the defendant at his post office address, the defendant may thereafter be proceeded against as if he had been personally served with a summons. It is under this section of the code that process was issued to the defendant, Fourth National Bank of Montgomery, Alabama, the complainant in the court below. By reference to the court docket in cause No. 3318, and the complete record of the proceedings in said cause, it is shown that on

November 10, 1919, first publication of summons was made in the Daily Commonwealth, a newspaper published in the city of Greenwood, Leflore county, Mississippi, to the defendants Alabama Fidelity Mortgage & Bond Company and the Fourth National Bank of Montgomery, Alabama, and that said summons was mailed to each of the nonresident defendants, to their respective post office addresses, together with a copy of the supplemental bill of complaint attached to each summons, and that summons was, also, issued for the Delta Insurance & Realty Agency and Shelby S. Steele, resident defendants and garnishees, all being returnable to the March, 1920, Term of the chancery court of Leflore county, Mississippi, and on March 13, 1920, proof of the publication thereof for three weeks in said newspaper was filed. It is our contention that the proceeding followed was in strict conformity to the statute and we know of no other method in which the defendant Fourth National Bank of Montgomery, Alabama, could have been made a party defendant in said cause.

After having made every effort known to the statutes to get the Fourth National Bank of Montgomery, Alabama, as well as the defendant, Alabama Fidelity Mortgage & Bond Company to come into court and assert their rights, but without success, at the October, 1920, term of the chancery court, a decree *pro confesso* was entered, and on October 22, 1920, the final decree above mentioned was entered in said cause. It will be noted that by this decree the court below decreed the complainant was entitled to the relief prayed for and that the Alabama Fidelity Mortgage & Bond Company is indebted to the complainants and that the resident defendants, the Delta Insurance & Realty Agency and Shelby S. Steele, have by their respective answers as garnishees admitted an indebtedness due and owing by them to the non-resident defendant.

We submit that the court had entire jurisdiction of the parties. The defendants had been made parties

under the exact provisions of the statutes. If the appellee herein was not satisfied, it had its remedy. The legislature, in its wisdom, in providing for process by publication to non-resident defendants, provided by sections 330 and 331, Hemingway's Code, sections 570 and 571, Code of 1906, that non-resident defendants against whom a decree had been rendered on proof of publication only, might come into court at any time within two years and petition the court to be allowed to plead, answer or demur to the bill filed against them, and upon such petition and the giving of security for costs, such non-resident defendant shall be permitted to so plead, answer or demur to the bill of complaint. But the appellee has not elected to pursue this remedy provided for it, although at the time of the filing of their original bill, this plain and adequate remedy was open to it, but have now permitted the two-year period to run against them, and the decree rendered in said cause to become final against the resident defendants, appellants, the Delta Insurance & Realty Agency and Shelby S. Steele, who now have no alternative but to pay the judgment which stands against them.

We earnestly submit that the entire proceeding in cause No. 3318 in the chancery court of Leflore county, Mississippi, was entirely regular; that the appellee, the defendant therein, was before the court; that the process was in conformity to statute; that the court had jurisdiction over the subject-matter of the decree rendered, and the parties to said cause to the extent thereof; that the court had full authority to render the same; that the demurrer of appellee in the court below to the bill of complaint ought to have been sustained, and that this cause ought to be reversed and the bill dismissed.

*Gardner, Odom & Gardner,* for appellee.

There is but one question involved in this case, and that is a very simple question. Did the chancery court

of Leflore county, Mississippi, have any authority to render any decree against appellee in the suit of Gwin & Mounger, or, in other words, was the decree which was rendered in that suit against appellee a valid and binding decree?

It will not be denied that neither appellee nor the notes in controversy were ever within the jurisdiction of the chancery court of Leflore county, Mississippi. In other words, the chancery court of Leflore county, Mississippi, never had any sort of jurisdiction of either the *res* or the person of appellee. It is elementary that before any court can acquire any sort of jurisdiction to render a decree which is valid and binding as against a defendant, the court must have jurisdiction of either the *res* or the person of the defendant. In this case, the court never had jurisdiction of either. The validity of this whole proceeding depends upon proof of publication.

Among the various cases decided by this court is the case of *Commercial Bank* v. *Martin*, 9 S. & M. 621, in which the court holds: "An order, judgment or decree is void, when rendered by a court which has no jurisdiction of the subject-matter or the parties. Both must concur to make the proceeding valid." The rule announced in this case has never been questioned.

We call the court's attention to another case, which is absolutely decisive and final. *J. L. Cocke & Co. et al.* v. *Lida V. Brewer*, 68 Miss. 775. Under this decision appellee is entitled to have the final decree rendered against it on *pro confesso*, set aside and the stay of execution released.

Corpus Juris lays down the rule that a court has no authority to compel a non-resident to appear and litigate his rights to the fund attached. 6 C. J. 374; 142 S. W. 326.

The rule announced in *J. L. Cocke & Co.* v. *Lida V. Brewer, supra,* was reannounced, strange to say, in a suit brought by *Delta Insurance & Realty Agency,* one

of the appellants in this case, against the *Interstate Fire Insurance Company,* 113 Miss. 542.

· Service by Publication. In the celebrated case of *Pennoyer* v. *Neff,* 95 U. S. 565, the court there distinctly holds that a personal judgment rendered in a state court against a nonresident upon proof of publication is without any validity. The court further holds, that a state having within its territory property of nonresidents, may hold and appropriate it to free the claims of its residents against them, and its tribunals may inquire into their obligations to the extent necessary to control the disposition of the property. If nonresidents have no property in the state, there is nothing upon which the tribunals can adjudicate. Process from the tribunals of one state cannot run into another state and summon parties there domiciled to leave its territory and respond to the proceedings against them; and publication of process or notice within the state in which the tribunal sits cannot create any greater obligation upon the nonresident to appear. id.

The state must have either jurisdiction of the person or the property, and further: "That no person is required to answer in a suit on whom process has not been served or whose property has not been attached," and in that case the court holds that the judgment was a nullity.

The force and effect of judgments rendered against nonresidents without personal service of process upon them, or their appearance, has been the subject of frequent consideration in the courts of the United States and of the several states, as attempt has been made to enforce such judgments in states other than those in which they were rendered, under the provisions of the constitution requiring that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." 95 U. S. 571.

Situs of Debt. In the case of *Speed* v. *Kelly,* 59 Miss. 54, the court holds: "The rule that such property (choses in action) has its *situs* at the domicile of the owner is universally recognized, and may be said to be as well established as if declared by a positive statute, and we are unwilling to hold it to be abrogated by implication." Also, see, 57 Miss. 662; 87 Amer. Dec. 759; 67 Miss. 705; 119 U. S. 185; 10 Wallace (U. S.) 308; 1 Pom. Eq. Jur., sec. 428.

We, therefore, submit that the action of the chancellor in the court below, in overruling the demurrer, was correct, as the bill shows and charges that neither the notes in controversy nor the person of appellee were ever within the jurisdiction of the chancery court of Leflore county, Mississippi, and therefore, the decree which was rendered against appellee was void and of no effect.

*Osborn & Witty,* for appellee.

This court has held time and time again in the most emphatic terms that the proceeding by attachment in chancery is strictly statutory, and one who invokes this remedy must bring himself squarely within the terms of the statute. These statutes have been our law for a long time without change. In the old cases of *Scruggs* v. *Blair,* 44 Miss. 406, and *Statham* v. *New York Life Insurance Company,* 45 Miss. 581, it is held that: "The basis of the jurisdiction is purely statutory, and depends on the condition of facts stated in the statute, to-wit: 'The absence of the debtor, the presence here of effects belonging to, or debt due to him, or his owning lands and tenements in this state.'" The bank in Alabama was never the debtor of Gwin & Mounger, and a debtor is, according to the provisions of these statutes, the only person other than the resident garnishee who can be made a party defendant in an attachment in chancery.

The rule is not only stated in the older cases just cited, but is again affirmed in the cases of *Werner* v. *Sheffield,* 42 So. 876, 89 Miss. 12; *Bonds* v. *Garvey,* 39 So. 492, 87 Miss. 335;   *Advance Lumber Co.* v. *Laurel National Bank,* 38 So. 313, 86 Miss. 419;   *Delta Insurance & Realty Co.* v. *Interstate Fire Ins. Co.,* 74 So. 420, 113 Miss. 542.

It is certain that the court had jurisdiction to render a valid decree as against the bond company, but the very decisions of this court and of the United States supreme court which have held that the court in a case of this kind acquires jurisdiction of the bond company have, also, been very careful to point out that this is true solely and alone because of the positive provisions of the statutes which authorize a nonresident debtor to be attached and his resident debtor to be garnished.

*Railroad Co.* v. *Smith,* 70 Miss. 344, had held that a creditor in Iowa could not there attach his debtor in Mississippi and garnish in Iowa a railroad resident there which owed the debtor in Mississippi, but in the later case of *Southern Pacific R. R. Co.* v. *A. J. Lyon & Co.,* 54 So. 728, 99 Miss. 186, this court, speaking through Judge WHITFIELD, overruled the case of *Railroad Co.* v. *Smith,* and in doing so followed the United States supreme court in *Harris* v. *Balk,* 198 U. S. 215, 25 Sup. Ct. Rep. 625, 49 L. Ed. 1023.  *Cocke* v. *Brewer,* 68 Miss. 775, 9 So. 823, clearly supports the statement of the law which we have just made.

In cases involving attachment and garnishment alone, the long waged controversy as to the *situs* of the debt has been settled by this court in *Southern Pacific* v. *A. J. Lyon & Co., supra,* wherein it is held that a debtor may be attached and garnished at any place where he may sue his own debtor, and where that debtor is, but this rule applies solely to attachments and garnishments, and has never been held to apply to those cases where it has been attempted to adjudicate the right to a chose in action of a non-resident who is the debtor of no one.

*New York · Life Ins. Co.* v. *Dunlevy,* 241 U. S. 518, 36 Sup. Ct. Rep. 613, 60 L. Ed. 1140.

In the case of *Bank of · Jasper* v. *First National Bank of Rome, Ga.,* 66 L. Ed. 490, the United States supreme court again rendered a decision which to our minds is conclusive of our controversy.

Something has been said by opposing counsel to the effect that if our contention prevails, the garnishee, Steele, and his insurance agency, will have two judgments against them for the same debt, both of which they will have to pay. It is true that if our contention be upheld that these garnishees can be required to pay twice. But they are in this predicament solely and alone from their own conduct. In *Yarbrough* v. *Thompson,* 3 S. & M. 291, the garnishee by his negligence incurred a double liability. The duty of the garnishee to protect himself where he knows positively that another person claims the debt against him is so clear that it would hardly seem necessary to cite any authorities in support thereof. The following authorities are peculiarly applicable to the garnishees' duty to protect themselves. *Horton* v. *Grant,* 56 Miss. 404; *McKinney* v. *Kuhn,* 59 Miss. 186; *Dodds* v. *Gregory,* 61 Miss. 35; *Lewis* v. *Dunlap,* 57 Miss. 130.

A judgment by default is void and of no effect unless the pleadings upon· which the judgment is rendered states a cause of action against the defendant against whom the judgment is taken. *Smith* v. *Frank Gardner Hardware & Supply Co.,* 36 So. 9, 83 Miss. 654. Under a prayer for general relief the court can only render such a decree as will be consistent with the allegations of the bill, and if no cause of action is stated against the defendant, the prayer for general relief will be of no avail to the complainant. *Bell* v. *Clark,* 14 So. 318, 81 Miss. 603; *Watts* v. *Patton,* 5 So. 628, 66 Miss. 896; *Lyon* v. *Ratcliff,* 92 So. 229; *U. S. Casualty Co.* v. *Malone,* 88 So. 709, 87 So. 896.

*S. L. Gwin* and *C. B. Snow,* in reply for appellants.

Cause No. 3318 in the chancery court of Leflore county, Mississippi, the cause in which the final decree rendered is sought to be set aside, was and as we have attempted to set out in our original brief filed herein, a statutory proceeding, begun by an attachment and garnishment in the chancery court of Leflore county, Mississippi, garnishing funds in the hands of two resident defendants owing to one or both of the nonresident defendants.

The proceeding is purely statutory and is governed strictly by the statutes of the state of Mississippi, as we have endeavored to point out in our original brief. The rule governing this procedure is clearly and lucidly stated in the opinion of this court in the case of *Delta Insurance & Realty Co.* v. *Interstate Fire Ins. Co.,* 113 Miss. 542, 74 So. 420.

In order for the chancery court of Leflore county, Mississippi, in cause No. 3318, to have had jurisdiction of the parties to said cause to the extent of the rendition of the decree rendered therein, it was necessary: first, that the defendant be a non-resident, and, in said cause, we most respectfully submit that the Alabama Fidelity Mortgage & Bond Company and the Fourth National Bank of Montgomery, Alabama, the defendants therein, were both non-residents of the state of Mississippi; second, that the thing involved, the *res,* was within the territorial jurisdiction of the court and was brought under the control of the court by legal process. Now, in said cause, we again respectfully submit, the *res,* viz., the thing involved, was the funds in the hands of Shelby S. Steele and the Delta Insurance & Realty Agency, due and owing at the time of the issuance of the writ of garnishment to the resident defendants, Shelby S. Steele and the Delta Insurance & Realty Agency, and at the time of the publication of process to the two non-resident defendants.

Shelby S. Steele and the Delta Insurance & Realty Agency, garnishees, were at all times within the jurisdiction of the court and were served with personal process of the court and entered their appearance therein. In the *Delta Insurance & Realty Company case, supra,* it is announced that the suit of complainant amounted to an effort to sue itself; the funds sought to be attached were in complainant's hands; no writ of garnishment was involved.

We call the court's particular attention to the prayer of the original bill and to the prayer of the supplemental bill in cause No. 3318. In the prayer in this bill, complainant studiously avoided asking for a personal decree against the non-resident, but asked that the indebtedness of the resident defendants named in the bill be condemned to the payment of the indebtedness of the non-resident defendants to the complainants.

Neither the case of *Insurance Company* v. *Dunliegh,* 241 U. S. 518, or the case of *Bank of Jasper* v. *Bank of Rome,* 66 L. Ed. 490, are in point in this case. They differ from the case at bar in that in each of these cases personal decrees effecting the personal right of the non-resident defendants, i. e., decrees *in personam* were rendered against the non-resident defendants. Counsel lays great stress on the *Dunliegh case, supra,* but a careful reading of this case clearly distinguishes it from the case at bar.

Counsel, also, assumed that the case of *Cocke* v. *Brewer,* 68 Miss. 775, is conclusive of the case at bar, but we absolutely fail to see any connection between the rule as laid down in the Cocke case and the issues before the court in this case. First, the *Cocke case, supra,* is not a case begun by attachment and garnishment. Here we have an indebtedness in the hands of the resident defendants due and owing to the non-resident defendants, coming within the exact provisions of the statutes passed to cover this particular situation; we have the

funds in the hands of the resident defendants owing to
the non-resident defendants attached and garnished; as
is provided by the statutes we have publication made and
copies thereof mailed to the post office address of the
non-resident defendants in exact conformity with the
statute, and we have the decree of the chancery court of
Leflore county, Mississippi, condemning the funds in the
hands of the resident defendants due and owing to the
non-resident defendants and subjecting the same to
the payment of the indebtedness of the non-resident
defendants to the resident complainants.

As is said by the supreme court of the United States
in the case of *Chicago Rock Island R. R. Co.* v. *Strum*,
174 U. S. 710, 43 L. Ed. 1144: "The essential service of
foreign attachment laws is to reach and arrest what is
due and might be paid to a non-resident to the defeat of
his (resident) creditors."

Counsel also contends that the notes evidencing the
debt owing by the resident defendants to the non-resi-
dent defendants were executed within and were payable
within the state of Alabama, and makes the assertion
that this is "the salient point of this case." We are
content as to this contention to merely call the court's
attention to the well-known and well-reasoned case of
*Southern Pacific* v. *Lyon*, 54 So. 728, which overrules the
*Smith case*, 70 Miss. 344, 12 So. 461, and follows the case
of *Harry* v. *Balk*, 198 U. S. 215, and approving the
language of the supreme court of the United States in
this case, "Power over the person of the garnishee con-
fers jurisdiction on the courts of the state where the writ
issued," and further "Consideration of *situs* are some-
what artificial."

Counsel are vigorous in their condemnation of appel-
lants, the resident garnishees, because in filing their
answer in cause No. 3318, they did not suggest ap-
pellee as claiming an interest in the indebtedness.
The court's attention is directed to the fact that
the answer to the writ of garnishment in said cause No.

3318 was filed before the rendition of the judgment in the circuit court and at the time of the filing of their answer, appellee had been summoned in said cause in every manner known to the statutes of the state.

The legislature gave to appellee a remedy. But appellee did not see fit to avail itself of this remedy.

Argued orally by *F. M. Witty,* and *H. T. Odom,* for appellee.

McGOWEN, J., delivered the opinion of the court.

The Fourth National Bank of Montgomery, Ala., exhibited its bill against the Delta Insurance & Realty Agency, S. S. Steele, and Gwin & Mounger in the chancery court of Leflore county, praying a cancellation of an alleged void judgment against it theretofore rendered by said chancery court in favor of Gwin & Mounger, and to be relieved of the stay of an execution order entered by the circuit court of said county in favor of said insurance agency. The defendants interposed a demurrer which was overruled, and appeal is prosecuted here to settle the principles of the case.

The essential facts are these: In 1917, the Delta Insurance & Realty Agency, domiciled at Greenwood in Leflore county, Miss., executed its three promissory notes dated at Montgomery, Ala., payable to the Fidelity Mortgage & Bond Company at the First National Bank at Montgomery, Ala., for five hundred dollars each or total of fifteen hundred dollars. These notes were indorsed by S. S. Steele. Afterwards, in due course, the Fourth National Bank of Montgomery, Ala., acquired these notes.

On November 1, 1918, the Fourth National Bank brought suit on the first note then past due. On January 20, 1919, Steele and the Delta Insurance & Realty Agency, hereafter referred to as the agency, filed an affidavit that Gwin & Mounger, a law firm of Greenwood,

Miss., without any collusion, had a claim to the suit then pending against it in the circuit court, and an order was entered requiring Gwin & Mounger to appear and contest with the bank said claim. Thereafter, on January 24th, Gwin & Mounger appeared in the circuit court and moved the court to transfer the cause to the chancery court. In the meantime the other two notes had become due, and suit had been entered by the Fourth National Bank of Montgomery, Ala., and the two suits having been consolidated, Gwin & Mounger entered their appearance and issue was joined on Gwin & Mounger's claim, and the whole matter was submitted to a jury, resulting in a verdict and judgment of the circuit court in favor of said bank for the total amount of the notes and interest.

After said judgment the defendant Steele and the agency filed a motion in the circuit court for a stay of execution as to said judgment, because of the pendency of an attachment suit in the chancery court of said county filed by Gwin & Mounger against Steele and the agency and Fidelity Mortgage & Bond Company, a nonresident, to whom the notes were executed, alleging that said mortgage company was indebted to Gwin & Mounger for professional legal services. This suit was filed by Gwin & Mounger in September, 1918.

On November 10, 1919, Gwin & Mounger filed a supplemental bill in the chancery court, alleging that since the filing of their original bill against the Fidelity Mortgage & Bond Company and Steele and the agency, they had learned that the Fourth National Bank of Montgomery claimed to own the notes executed by Steele and the agency to the mortgage company, and prayed that the Fourth National Bank be made a party defendant by publication.

In the meantime, the court having denied the defendants in the circuit court suit, Steele and the agency, a stay of execution, appeal was prosecuted to this court, and, on that appeal, this court held that Gwin & Mounger

"were wrongly in the circuit court," and that the motion of the defendants Steele and the agency should have been sustained, granting them a stay of execution, reserving to the court below the power to vacate the stay of execution in the event the suit in the chancery court should not be prosecuted with reasonable diligence, and entered such judgment here.

In the chancery court proceeding the debtor, the mortgage company, and the Fourth National Bank were made parties by due publication, returnable to the March, 1920, term of the circuit court. We neglected to state that the judgment rendered by the circuit court against the agency, Gwin & Mounger, and Steele was entered at the May term, 1920.

Steele filed his answer, admitting an indebtedness to the mortgage company in the sum of fifteen hundred dollars, evidenced by the notes heretofore described, on March 26, 1920, in the chancery court, in response, to the attachment suit of Gwin & Mounger.

On May 26, 1920 the agency, through its president, Steele, filed its answer admitting said indebtedness to said bond company of the three notes mentioned. It will be noted that no suggestion of the pending suit, which ripened into judgment in the circuit court by the Fourth National Bank, was made to the chancery court by either Steele or the agency, and the pleadings were not changed after the rendition and the judgment in the circuit court against Steele and the agency.

In October, 1920, the chancery court rendered its final judgment against the mortgage company, against Steele, and against the Fourth National Bank, the final judgment reciting that judgment was entered against the nonresident defendants, including the Fourth National Bank, upon decree *pro confesso,* but no relief was granted as against said bank by the chancery court.

Appellee here, the Fourth National Bank, by their bill, insisted that they were in no wise proper parties to the chancery suit of Gwin & Mounger, and that a decree *pro*

*confesso* having been taken against them by default without any appearance on its part, that the decree is void as to it, and that it should have a decree declaring said judgment void, and relieving it from the order entered by this court directing a stay of execution, the resident attachment defendants having failed to make known to the chancery court before rendition of judgment upon their answer, that a judgment had been rendered in May, 1920, against these resident defendants.

The jurisdiction of the chancery court to entertain the bill filed by Gwin & Mounger was purely statutory, the bill being filed and authorized by section 536 of the Code of 1906 (section 293, Hemingway's Code), which is as follows:

"The chancery court shall have jurisdiction of attachment suits based upon demands founded upon any indebtedness, whether the same be legal or equitable, or for the recovery of damages for the breach of any contract, express or implied, or arising *ex delicto* against any nonresident, absent or absconding debtor, who has lands and tenements within this state, or against any such debtor and persons in this state who have in their hands effects of, or are indebted to, such nonresident, absent or absconding debtor. The court shall give a decree *in personam* against such nonresident, absent or absconding debtor if summons has been personally served upon him, or if he has entered an appearance."

The jurisdiction of the court is purely statutory. See *Scruggs* v. *Blair*, 44 Miss. 406, and *Statham* v. *N. Y. Life Insurance* Co., 45 Miss. 581, 7 Am. Rep. 737.

Although the appellee, the Fourth National Bank of Montgomery, Ala., was made a party to that suit, there was no relation of debtor and creditor existing between the complainants there, Gwin & Mounger, and said bank, and no relief prayed for as against them in said bill; and the theory upon which our state courts entertain jurisdiction is purely upon the statutory remedy pro-

vided in the code section mentioned above, as against a nonresident agent who has property or effects in the state, and we have in this case the defendant, the mortgage company, a nonresident, the *res*—the notes—executed and payable in the state of Alabama, the debtor of the mortgage company resided within the jurisdiction of the chancery court, the Fourth National Bank was a nonresident, having its domicile at Montgomery, Ala., and no sort of relation as debtor and creditor existed between the nonresident bank and Gwin & Mounger.

The circuit court had jurisdiction of the subject-matter and of the parties, and rendered its final judgment adjudging that the nonresident bank was the owner of the notes and entitled to recover from Steele and the agency, the resident defendants, and, of course, held against Gwin & Mounger.

We think that the decree *pro confesso* and the final decree as to the Fourth National Bank in favor of Gwin & Mounger was void, being upon constructive process. The statute conferring jurisdiction upon the chancery court in attachments makes no provision for the trial of a claimant's issue, and for the trial of any issue except that raised by the attachment issue, and must depend upon the facts and conditions set out in the statute.

When we consider that Gwin & Mounger represented the resident attachment defendants Steele and the agency in the circuit court proceeding, and when we consider further that the agency and Steele, after judgment had been rendered against them on these notes by a court of competent jurisdiction, sat supinely by and made no effort to amend their answer so that the changed condition—that is, a valid judgment against them on the identical debt in favor of another, a nonresident, had been rendered and was in full force and effect—and that they permitted the chancery court decree to be entered against them under these circumstances in favor of Gwin & Mounger, we are at a loss to understand how appellants here

expect to uphold that judgment except by an enlargement of the statutory power, and by ingrafting provisions upon the statute as to nonresident claimants not now there, which manifestly could not be done. *Klein* v. *French,* 57 Miss. 662, *Speed* v. *Kelly,* 59 Miss., 47, and *Cocke* v. *Brewer,* 68 Miss. 778, 9 So. 823.

In the latter case the court said: ''In this condition of things the chancery court could not acquire jurisdiction of the nonresident defendants, by publication, so as to render a valid decree against them. Neither the person nor the *res* being in this state, its courts could acquire jurisdiction only by the appearance of a party. The decree rendered upon proof of publication, without the appearance of the parties, without jurisdiction, and must be reversed.''

The announcement in the case of *Cocke* v. *Brewer,* 68 Miss. 775, 9 So. 823, we think is controlling here. The facts in that case were that Mrs. Brewer sold to Murphy a tract of land; he paid part cash and gave notes for the balance. These notes were made payable jointly to Mrs. Brewer and her husband, and were afterwards transferred to J. L. Cocke & Co., appellant, apparently by Mrs. Brewer's husband without her knowledge, she really owning the notes. They were secured by a deed of trust on land in Mississippi within the jurisdiction of the chancery court. Cocke & Co. and Brewer were residents of the state of Tennessee. Murphy, the maker of the notes, and the trustee, were residents of Clay county, Miss., and Mrs. Brewer was a resident of Marshall county, Miss., the land being in Clay county. In that case, after the maturity of the notes Mrs. Brewer filed her bill in Clay county where the land was, making Murphy, the maker of the notes, and Gerdine, the trustee, and also J. L. Cocke & Co., the holder of the notes, and A. V. Brewer, her husband, residents of Memphis, Tenn., defendants. The bill alleged that Mr. Murphy was ready to pay the notes, but was not willing to do so until after the court had determined whether

Cocke & Co.'s claim was adjudicated. In other words, all parties in interest were defendants. In the opinion in this case, Chief Justice CAMPBELL said:

"The real controversy is as to the right to the notes, and that is between the complainant and the nonresident holders of them. The adjudication of that controversy in favor of the complainant is a condition precedent to a decree for payment to her by the debtor. While the end sought is to enforce payment of the notes out of the lands, an essential to the attainment of that end is to award the ownership of the notes to the complainant.

"The thing in dispute was not in Mississippi, but in Tennessee. The debtor was here [in Mississippi], and the land on which the notes are charged by a deed of trust is here [in Mississippi], but the debt is where the creditor is, and that was Tennessee."

"Attachment being a legal proceeding, a court issuing the writ has no authority to compel a nonresident to appear and litigate his right to the fund attached." 6 Corpus Juris, p. 374.

Also see *Delta Insurance & Realty Co.* v. *Interstate Fire Insurance Co.*, 113 Miss. 542, 74 So. 420; *Advance Lumber Co.* v. *Laurel National Bank*, 86 Miss. 419, 38 So. 313.

All the facts necessary to confer jurisdiction upon the chancery court must appear in a proceeding brought under our attachment statute.

Mr. Justice HOLDEN, in the case of *Insurance & Realty Co.* v. *Fire Insurance Co.*, 113 Miss. 542, 74 So. 420, thus states the rule:

"The basis of the jurisdiction of the chancery court in this case is statutory; and the court has no jurisdiction under the statute unless the following facts exist, viz., the absence of the debtor, the presence here of effects in the hands of resident persons belonging to him, or debts due to him by resident persons, or his having lands or tenants in this state. Section 536, Code

of 1906; *Advance Lumber Co.* v. *Laurel National Bank,* 86 Miss. 419, 38 So. 313. The above facts, or any one of them might exist, and still the court would be without jurisdiction to proceed to judgment against the thing unless it be first brought under the control of the court by proper process, against the land, or against the person having the effects belonging to, or owing the debt to, the nonresident defendant.''

It will be borne in mind that the question in the instant case is not as to the jurisdiction of the chancery court by the remedy of attachment as against the nonresident debtor with its resident debtor living within the jurisdiction of the court, but the effect is to compel a nonresident claimant actually holding a judgment of a court of competent jurisdiction of Mississippi, to the effect that he is the owner of the *res* and entitled to recover thereon, to appear upon constructive process and propound his claim in a chancery attachment proceeding.

As we see it, the announcement of the United States supreme court in the case of *Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. Ed. 565, has not been changed, and the reasonnig there applies here.

There can be no question as to the jurisdiction of equity, to relieve a complainant affected by a void judgment, and a stay of execution restraining him from proceeding with his valid judgment at law. We think the learned chancellor below properly overruled the demurrer in this case.

Affirmed and remanded with leave to appellants to file their answer within thirty days.

*Affirmed and remanded.*