ALABAMA POWER CO. *et al. v.* JACKSON.

(Division A. March 14, 1938. Suggestion of Error Overruled May 23, 1938.)

[179 So. 571. No. 33065.]

Martin, Turner & McWhorter, of Birmingham, Ala., Wilbourn, Miller & Wilbourn, of Meridian, and Eaton & Eaton, of Gulfport, for appellants.

Jas. **A. Cunningham**, of Booneville, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal to settle the principles of the case and is an attachment in chancery under section 173, Code of 1930.

The bill of complaint was filed by the appellee, a minor residing in Franklin county, Ala., by a next friend, and the defendants thereto are the Alabama Power Company, a corporation organized under the laws of the state of Maine, and Lloyd Jackson, a minor residing in Franklin county, Ala. The bill then alleges that Erastus Clement, L. J. Hester, Arthur Finch, W. J. Wilson, and the Mississippi Power Company, a corporation organized under the laws of Maine, but which is domesticated in the state of Mississippi and doing business therein, having its office at Gulfport, and which has appointed L. J. Erwin as its agent for the service of process who can be found in Harrison county, Miss., are indebted to the Alabama Power Company. Process was served personally in Prentiss county, Miss., on Lloyd Jackson, Arthur Finch, and Erastus Clement, and on Erwin, for the Mississippi Power Company, in Harrison county, Miss. The bill alleges that the appellee was injured in Alabama by the concurring negligence of the Alabama Power Company and Lloyd Jackson.

Clement appeared and moved to dismiss the case as to him for the reason that he did not reside in Mississippi but in Franklin county, Ala., is engaged in no business in Mississippi, and has no property therein. Arthur Finch answered the bill admitting an indebtedness of $45 to the Alabama Power Company. The Alabama Power Company appeared by motion "specially and solely for the purpose of objecting to the jurisdiction of the court to proceed in this matter as against this defendant," from which the following appears: The Alabama

Power Company is a Maine corporation not engaged in business in Mississippi or having any property therein; that Lloyd Jackson is a brother of the appellee; that he together with Finch and Clement were induced to come into Prentiss county, Miss., for the purpose of there obtaining service of process on them. The motion contains other allegations not necessary to be set forth. The Mississippi Power Company filed a motion setting forth practically what appears in the motion of the Alabama Power Company, and in addition that it was a Maine corporation qualified to do business in Mississippi but not domesticated therein. Oral proof was heard on these three motions and they were overruled, whereupon this appeal was granted.

It appears from this evidence that Finch and Clement live in Alabama, were invited into Mississippi for a temporary fishing expedition, and immediately upon their arrival therein were served with process herein. There was evidence also intended to prove that this invitation was extended to them in the interest of the appellee solely in order that they might be served with process in this state.

The appellants' two main contentions are: (1) This suit will not lie for the reason that none of the defendants reside in Mississippi; and (2) that the coming into Mississippi of Finch and Clement was for the fraudulent purpose of enabling the court to acquire jurisdiction of the suit. The conclusion we have reached as to the first makes it unnecessary to consider the second. The question is: Must the codefendant of a nonresident debtor be a resident of this state in order for the court to obtain jurisdiction under section 173, Code of 1930? The provision of that section is: ''The chancery court shall have jurisdiction of attachment suits based upon demands . . . for the recovery of damages . . . arising ex-delicto against any non-resident, absent or absconding debtor . . . or against any such debtor and persons in this state who have in their hands effects of, or are in-

debted to, such non-resident, absent or absconding debtor." It will be observed that the persons who are indebted to the non-resident debtor must be "in this state." Finch and Clement were in the state when they were served with process. The appellants say that the words "persons in this state" mean, not persons temporarily within the state, but actual residents thereof. What these words mean seems to be made clear by section 174 of the Code, which reads as follows: "When a bill shall be filed for an attachment of the effects of a non-resident, absent or absconding debtor in the hands of persons in this state, or of the indebtedness of the defendant in this state to such non-resident, absent or absconding debtor, it shall be sufficient to bind such effects or indebtedness, that the summons for the defendant resident in this state shall have stated in or endorsed upon it the nature and object of the suit, and that it is to subject the effects in the hands of the resident defendant, and the indebtedness of such defendant to the non-resident, absent or absconding debtor, to the demand of the complainant; or, instead of such statement on the summons, a copy of the bill may be served with the summons, and shall bind the effects or indebtedness from the time of such service."

It will be observed that this section designates the person "in this state" referred to in section 173 as "the defendant resident in this state" and as "the resident defendant." This seems to be a clear legislative definition of the words "persons in this state" in section 173 as persons residing in this state. We have been referred to no case where it was necessary for the court to draw a distinction between persons temporarily in this state and persons residing therein, but beginning with Comstock v. Rayford, 1 Smedes & M. 423, 40 Am. Dec. 102, the court has said that in order for jurisdiction to arise in this class of cases there must be "at least two parties defendants, one of whom must reside in this State, and the other be an absentee." See comment on this case in Zech-

arie v. Bowers, 3 Smedes & M. 641. In Delta Insurance & Realty Co. v. Fire Insurance Company, 113 Miss. 542, 74 So. 420, 421, the court said: "The basis of the jurisdiction of the chancery court in this case is statutory; and the court has no jurisdiction under the statute unless the following facts exist, viz., the absence of the debtor, the presence here of effects in the hands of resident persons belonging to him, or debts due to him by resident persons, or his having lands or tenements in this state," which was quoted with approval in Delta Ins. & Realty Agency v. Fourth National Bank, 137 Miss. 855, 102 So. 846.

From this it necessarily follows that as Finch and Clement are not residents of this state no jurisdiction was here acquired by the service of process on them.

We will assume that the Mississippi Power Company is a resident of this state within the meaning of the statute, nevertheless the service of process on it conferred no jurisdiction on the court below in the absence of process on a defendant residing in Prentiss county. American Surety Co. v. Holly Springs, 77 Miss. 428, 27 So. 612; Estes v. Bank of Walnut Grove et al., 172 Miss. 499, 159 So. 104.

But the appellee says that by appearing herein the Alabama Power Company submitted itself to the jurisdiction of the court under the provision of section 173, Code of 1930, which reads as follows: "The court shall give a decree in personam against such non-resident, absent or absconding debtor if summons has been personally served upon him, or if he has entered an appearance." As that company was not doing business in this state, it was not subject to suit therein, section 4166, Code of 1930, except under the provisions of section 173 of that code. When that company appeared herein it had the same rights that any other litigant would have, one of which is to object to the jurisdiction of the court, and if the court was without jurisdiction, to obtain the dismissal of the suit. Arnett v. Smith, 165 Miss. 53, 145 So. 638. We are not here

concerned with and express no opinion on what the result here would be if it appeared that the court had jurisdiction of the local debtors.

Reversed and remanded.